**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DAMION CANALICHIO** | : | **NO. 06-641-1** |

**<u>MEMORANDUM</u>**

**Savage, J.**                                                                                  **May 1, 2024**

  Having served just over half of his six-year term of supervised release, Damion Canalichio moves for early termination of supervised release.[1] He seeks to expand his work responsibilities in the restoration industry, which would require him to travel out of the jurisdiction on short notice in response to emergencies—travel that is prohibited by the current terms of his supervision. To demonstrate his rehabilitation, he cites his employment, completion of a drug treatment program, negative drug tests, and leadership and volunteerism both in and out of prison.

  The government opposes his request, arguing that he waived his right to move for early termination of supervised release in his plea agreement.[2] It also argues that he has not demonstrated that he is unduly harmed on supervision or "why [he] cannot work with his supervising probation officer to accommodate out-of-town jobs on a case-by-case basis if and when they arise."[3]

---

[1] Mem. of L. in Supp. of Mot. to Terminate Supervised Release at 5, ECF No. 76 (attached to Mot. to Terminate Supervised Release, ECF No. 76) ["Mot. for Early Termination"].

[2] Gov.'s Opp'n. to Def.'s Mot. For Early Termination of Supervised Release at 2, ECF No. 79 ["Resp."].

[3] Resp. at 12.

On April 16, 2007, Canalichio pleaded guilty to conspiracy to distribute cocaine and distribution of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. " §§ 846 and 860(a).[4] On September 12, 2007, he was sentenced to 57 months imprisonment followed by a six-year term of supervised release.[5]

On February 7, 2013, a jury convicted Canalichio of racketeering activity involving sports bookmaking, illegal gambling, and extortion.[6] He was sentenced to 137 months imprisonment and three years of supervised release to run concurrently with his six-year term in this drug case.[7]

Canalichio was released from prison on October 6, 2020. He has served three and a half years of his six-year term of supervised release.

The government opposes Canalichio's request for early termination, arguing that he waived his right to relief in his plea agreement.[8] The plea agreement stated:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.[9]

---

[4] Guilty Plea Agreement, No. 06-cr-000641-TJS, ECF No. 37.

[5] Judgment of September 12, 2007, No. 06-cr-000641-TJS, ECF No. 51.

[6] Jury Verdict Sheet, No. 2:09-cr-00496-ER, ECF No. 1176.

[7] Judgment, No. 2:09-cr-00496-ER, ECF No. 1414.

[8] Resp. at 3.

[9] Guilty Plea Agreement ¶ 9 (attached as attachment A to the United States' Mem. in Supp. of Def.'s Change of Plea Hearing), ECF No. 40.

The government, relying on *United States v. Damon*, 933 F.3d 269 (3d Cir. 2019), contends that a petition for early termination is a "challenge" to the sentence that is barred by Canalichio's plea agreement. It argues that when he entered the agreement, Canalichio knowingly and voluntarily waived his right to request early termination of supervised release.[10]

This case is distinguishable. In *Damon*, the defendant's waiver barred "any appeal, any collateral attack, or any other writ or motion ... which challenges the sentence imposed by the sentencing court." *Damon*, 933 F.3d at 271. Here, Canalichio's plea agreement bars only appeals and collateral attacks. It does not explicitly preclude his moving for early termination of supervised release. He waived his rights to file an appeal and a motion collaterally attacking his sentence.

The agreement specifically identifies three statutory grounds for challenging the conviction or sentence. A motion under 18 U.S.C. § 3583(e) is not one of them. The government relies on the undefined catchall "any other provision of law" language. Yet, it points to nothing in the guilty plea colloquy to show that Canalichio knowingly understood and willingly gave up his right to file for early termination of supervised release under § 3583(e). Although the right to file a direct appeal and a motion under 28 U.S.C. § 2255 were expressly identified as barred by the waiver, there was no reference to a motion for early termination.

Our holding that the plea agreement does not bar a motion to terminate supervision is consistent with the decisions and reasoning of other judges of this court. *See United States v. Alhinde Weems,* No. CR 09-708-1, Docket No. 143 (E.D. Pa. Jan. 6, 2023)

---

[10] Resp. at 5-6.

(Slomsky, J.); *United States v. Fluellen,* No. CR 09-497-1, 2022 WL 309159 (E.D. Pa. Feb. 2, 2022) (Smith, J.); *United States v. Mabry*, 528 F.Supp.3d 349 (E.D. Pa. 2021) (Robreno, J.); *United States v. Martinez*, No. CR 13-00619-2, Docket No. 302 (E.D. Pa. Feb. 27, 2020) (Schiller, J.); *United States v. Crews*, No. CR 10-663-5, 2020 WL 6581430 (E.D. Pa. Nov. 10, 2020) (Padova, J.). Thus, we consider the motion on the merits.

A court may, in its discretion, terminate a term of supervised release after one year if termination is warranted by the defendant's conduct and is in the interest of justice. 18 U.S.C. § 3583(e). Before doing so, the court must consider the sentencing factors set forth in § 3553(a). Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has made clear that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release. *United States v. Murray*, 692 F.3d 273 (3d Cir. 2012). Nor must a court find "an exceptional, extraordinary, new, or unforeseen circumstance" to grant early termination. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

Supervised release is not intended to be a form of punishment. It is meant to assist the defendant to integrate into the community. It is a form of rehabilitation. *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021); *Murray*, 692 F.3d at 280.

The government credits Canalichio for serving three years of "uneventful" supervised release.[11] It nonetheless argues that early termination is not warranted. It

---

[11] *Id.* at 10.

contends that Canalichio has not alleged that "his supervision is in any way impeding his ability to obtain employment, travel, or live his life."[12]

To the contrary, Canalichio has alleged that he cannot take on more responsibilities at work for the restoration company, Guardian Restoration, because it would require traveling outside of the jurisdiction "on little notice."[13] As explained by Nicole MacAllister of Guardian Restoration in a letter of support, Guardian Restoration is an emergency services company that specializes in restoring buildings following fire, smoke, water, and mold damage. She wrote, "For Damion to maintain his position and advance in the company, which we do want, we would need him to be able to lead and supervise jobs that we have in all of our services areas."[14] Those areas include New Jersey, Pennsylvania, Delaware, New York and Boston.

Colleagues, supervisors, and the president of the company have written letters in support of Canalichio. Guardian Restoration President, Jason Kluska, wrote of Canalichio, "[t]o be quite frank, I wish I had 20 other employees exactly like him. The changes Mr. Canalichio has obviously made in his life have been nothing short of amazing."[15] Kluska also described Canalichio's responsibilities within the company. Canalichio communicates with clients who have suffered fire or water damage to their homes, and he deals with business owners and adjusters. He schedules employees for emergency jobs and oversees worksite logistics, including stocking and maintaining supplies.

---

[12] *Id.*

[13] Mot. for Early Termination ¶ 6.

[14] Letter from Nicole MacAllister (attached as Ex. 1 to Mot. for Early Termination).

[15] Letter from Jason Kluska (attached as Ex. 2 to Mot. for Early Termination).

Michael Wambold works on a crew run by Canalichio. He describes Canalichio as ambitious, hardworking and inspiring.[16] Another colleague whom Canalichio has supervised, Mark Finnegan, wrote that Canalichio "was always the first one at the office, he worked hard and was eager to learn."[17]

Canalichio volunteers with Young Education Living Liberated (YELL), a youth mentoring program for 13-18 year olds. According to Richard B. Knox, who runs YELL, Canalichio "shares his story with our youth" and "has had a tremendous positive impact."[18] Canalichio also volunteers with a little league team in Collingswood, N.J. The coach, William Rosetti, wrote that "Canalichio is working hard and proving that people change."[19] A personal friend Michael Angelo Sr., CEO of Home Shield Public Adjusters, who has known Canalichio personally since 2005, wrote that he has grown and matured into a "solid individual" who is a "credit to his family, friends, and his community."[20]

Canalichio began his rehabilitation during his incarceration. He completed the RDAP drug program and initiated a "feedback" class to mentor other RDAP members. The program remains in place at FCI Danbury.[21] He has had no positive drug tests while on supervised release.

As his letters of support from coworkers, supervisors, and community members reflect, Canalichio is a "law abiding, wage earning member of his community."[22]

---

[16] Letter from Michael Wambold (attached as Ex. 2 to Mot. for Early Termination).

[17] Letter from Mark Finnegan (attached as Ex. 2 to Mot. for Early Termination).

[18] Letter from Richard B. Knox (attached as Ex. 3 to Mot. for Early Termination).

[19] Letter from William Rosetti (attached as Ex. 3 to Mot. for Early Termination).

[20] Letter from Michael Angelo Sr. (attached as Ex. 2 to Mot. for Early Termination).

[21] Mot. for Early Termination at 6.

[22] *Id.*

Canalichio has demonstrated that he is on his way to rehabilitation. We commend his personal and professional progress, but it is not enough to warrant early termination at this stage.

We are not required to make specific findings of fact for each statutory factor under § 3583(e)(1). *Melvin*, 978 F.3d at 52-53. We need only articulate that we have considered the relevant factors under § 3553(a), the defendant's conduct, and the interests of justice. *See id*. at 53. Having considered the relevant § 3553(a) factors, we conclude that early termination of supervised release is not warranted at this time. Therefore, we shall deny Canalichio's motion without prejudice to his renewing it after serving at least four and a half years.

Although early termination is not warranted, Canalichio has demonstrated that the terms of his supervision require modification. The terms of his supervision encumber his ability to supervise emergency work for Guardian Restoration outside of the jurisdiction. Thus, we shall remove travel restrictions as a condition of his supervised release.